UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JKG Fitness, Inc.,

    Plaintiff

v.

Brown & Brown of Colorado, Inc., et al.,

    Defendants

Case No.: 2:23-cv-01800-JAD-MDC

**Order Denying Motion
to Stay Proceedings**

[ECF No. 34]

    In the aftermath of a fire destroying one of the Planet Fitness gyms that it owns and operates, JKG Fitness, Inc. sues insurance broker Brown & Brown of Colorado and its Fitness Insurance division, alleging that Brown & Brown procured woefully inadequate insurance coverage for it and actively misrepresented the terms of the policy.[1] But Brown & Brown seeks to bring that suit to a halt by moving for a stay under the *Colorado River* doctrine. The broker identifies two state-court actions as the basis of its motion: a subrogation suit by JKG's insurer, Vantapro Specialty Insurance Company, against the owners of the building that housed JKG's gym and a suit by JKG's subsidiary, White Lane Fitness, LLC, against the building owners and other defendants that do not include Brown & Brown.[2] It concedes that those are third-party liability claims but insists that this action should still be stayed because the state-court proceedings are "highly relevant" and "likely dispositive."[3] JKG opposes the motion, arguing that Brown & Brown hasn't established the extraordinary circumstances required to justify a

---

[1] ECF No. 1 at 7–26.

[2] ECF No. 34 at 6–9.

[3] *Id.* at 5.

*Colorado River* stay.[4] Because there is substantial doubt that the state-court proceedings will fully resolve this action, I deny Brown & Brown's motion.

## Discussion

The Supreme Court established in *Colorado River Water Conservation District v. United States* the principle that "[i]n exceptional circumstances, a federal court may decline to exercise its 'virtually unflagging obligation' to exercise federal jurisdiction, in deference to pending, parallel state proceedings."[5] Federal courts can decline to exercise jurisdiction "only in 'exceptional' cases, and only 'the clearest of justifications' support dismissal."[6] The Supreme Court has held that the exceptional-circumstances standard is no less applicable when a federal court stays rather than outright dismisses an action in deference to state-court litigation.[7] To determine whether a *Colorado River* stay is justified, the Ninth Circuit considers eight factors: "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court."[8]

---

[4] ECF No. 39.

[5] *Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1165 (9th Cir. 2017) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

[6] *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011) (quoting *Colo. River*, 424 U.S. at 818–19).

[7] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 27–28 (1983).

[8] *R.R. St. & Co. Inc.*, 656 F.3d at 978–79 (citation omitted).

The decision to stay a case under *Colorado River* "does not rest on a mechanical checklist;" it instead requires "a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."[9] "Some factors may not apply in some cases and, in some cases, a single factor may decide whether a stay is permissible."[10] Here, the eighth and final factor is determinative. The Ninth Circuit has "repeatedly emphasized that a *Colorado River* stay is inappropriate when the state court proceedings will not resolve the entire case before the federal court."[11] While this doesn't require exact parallelism, the state-court proceedings must be "sufficiently similar to the federal proceedings to provide relief for all of the parties' claims" or, in other words, "resolve all necessary issues."[12]

The Ninth Circuit's reasoning in *Intel Corp. v. Advanced Micro Devices, Inc.* is instructive.[13] That panel considered a district court's decision to grant a *Colorado River* stay pending state-court appellate review of an arbitration award.[14] If upheld, the award could also serve as a defense in a federal-court copyright-infringement dispute between the same two semi-conductor companies that were parties to the state-level litigation.[15] The state proceedings could resolve all disputed issues in the federal litigation, but "*only* if the arbitration award [was] confirmed and if the state court's resolution of the copyright challenge to the award [was]

---

[9] *Moses H. Cone Mem'l Hosp.,* 560 U.S. at 16.
[10] *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1203 (9th Cir. 2021).
[11] *Id.* at 1204.
[12] *Id.* (cleaned up).
[13] *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993).
[14] *Id.* at 910.
[15] *Id.*

deemed to have collateral estoppel effect in federal court."[16]  But if the arbitration award was overturned, the copyright claims would still need to be adjudicated in federal court.[17]  The panel concluded that, "[u]nder the rules governing the *Colorado River* doctrine, the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay."[18]  It was possible that the state-court proceedings could end the federal litigation, but that depended on certain contingent outcomes.  And that uncertainty barred a *Colorado River* stay.

Similarly, there is substantial doubt that the two state-court proceedings on which Brown & Brown stakes its motion will resolve this federal action.  The parties and the claims are clearly distinct.  The Vantapro subrogation suit concerns the building owners' alleged failure to provide a functional fire-suppression system.[19]  White Lane Fitness, LLC's suit also, in Brown & Brown's own words, concerns "the lack of a functional fire-suppression system."[20]  And this suit, in contrast, is about Brown & Brown allegedly failing to procure insurance that would fully cover the total loss of a JKG gym and misleading JKG about that failure.[21]

JKG insists that the state-level proceedings can end this suit despite the differing claims and parties because they will likely resolve "liability and damages" issues and could entirely moot JKG's claims in this matter.[22]  But like in *Intel Corp.*, complete resolution of this action

---

[16] *Id.* at 913.
[17] *Id.*
[18] *Id.*
[19] ECF No. 34 at 7.
[20] *Id.* at 8 (cleaned up).
[21] *See* ECF No. 1 at 7–26.
[22] ECF No. 34 at 5.

depends on contingencies. Plus, Brown & Brown is not a party to either state-court case, and this federal action involves markedly different claims from the state-court suits. The mere possibility that state litigation could end a federal case is not enough to justify a *Colorado River* stay. So I find that a *Colorado River* stay is not available here.

**Conclusion**

IT IS THEREFORE ORDERED that defendant Brown & Brown's motion to stay proceedings **[ECF No. 34] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
May 6, 2025