**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JKG Fitness, Inc.,<br><br>    Plaintiff(s),<br><br>vs.<br><br>Brown & Brown of Colorado, Inc., *et al.*,<br><br>    Defendant(s). | 2:23-cv-01800-JAD-MDC<br><br>**ORDER GRANTING BROWN & BROWN OF COLORADO, INC.'S MOTION FOR LEAVE OF COURT TO SERVE A DEPOSITION SUBPOENA ON THIRD PARTY WITNESS MELISSA PATTERSON BY ALTERNATIVE MEANS (ECF No. 60)** |

  Defendant Brown & Brown of Colorado, Inc. ("B&B") filed a *Motion for Leave of Court to Serve a Deposition Subpoena on Third Party Witness Melissa Patterson by Alternative Means* ("Motion"). *ECF No. 60.* The Court GRANTS the Motion.

**I. BACKGROUND**

  B&B seeks to depose Melissa Patterson, a former employee of Plaintiff JKG Fitness, Inc. ("JKG"), who communicated with both B&B and with JKG's prior insurance broker regarding JKG's property insurance. *ECF No. 60*. Although JKG's counsel initially advised that it was representing Patterson for purposes of her deposition, Patterson has been unresponsive to communications from both JKG and B&B counsel. On multiple occasions, a process server retained by B&B unsuccessfully attempted to personally serve Patterson with a deposition subpoena at her residence. Patterson has not responded to telephone calls and email messages from B&B's counsel. Because Patterson appears to be evading service, B&B seeks permission to serve Patterson with a deposition subpoena by FedEx overnight delivery to her home address.

**II. DISCUSSION**

 **A. Legal Standard**

  Rule 45(b) of the Federal Rules of Civil Procedure provides that "[s]erving a subpoena requires delivering a copy to the named person." Courts are divided on whether this rule requires in hand service.

*See, e.g., Westgate LVH, Inc. v. Trustees of the Nevada Resort Association*, 2:17-cv01731-RFB-NJK, 2018 WL 11445543, at *1 (D. Nev. July 16, 2018). In this District, the Westgate LVH court held that "alternative, non-personal means of service are permitted under Fed. R. Civ. P. 45(b)(1)." *Id.* at *2. As the *Westgate LVH* court held:

> The rule states that service requires "... delivering a copy [of the subpoena] to the named person...." Fed. R. Civ. P. 45(b)(1). The rule does not state that personal service is necessary. Further, if it is necessary to prove service of the subpoena, a party must file with the issuing court "a statement showing the date and manner of service and the names of the persons served." Fed. R. Civ. P. 45(b)(4). Rule 45, therefore, does not clearly require personal service. This ambiguity is particularly important as other rules regarding service, specifically Fed. R. Civ. P. 4 and 5, expressly address personal or hand-to-hand service when applicable. See Fed. R. Civ. P. 4(e)(2)(A), 5(b)(2)(A). Without an express requirement or prohibition, the Court finds that alternative means of service under Fed. R. Civ. P. 45(b)(1) do not run afoul of the rule's intentions.

*Id.* The Westgate LVH court also ruled that the Federal Rules of Civil Procedure "'should not be construed as a shield for a witness who is purposefully attempting to evade service.'" *Id.* (quoting *Toni Brattin & Co., Inc., v. Mosaic International, LLC*, 2015 WL 1844056, at *3 (N.D. Cal. Apr. 9, 2015)).

Further, the Westgate LVH court noted that courts "'are more inclined to grant . . . alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service.'" *Id.* (*quoting In re: Ex Parte Application of Pro-Sys Consultants and Neil Godfrey*, 2016 WL 6025155, at *2 (N.D. Cal. Oct. 14, 2016)). The *Westgate LVH* court granted the motion to serve a deposition subpoena by alternative means and directed the plaintiff to effectuate service via overnight courier or certified mail to the deponent's address. *Id.*

B. Analysis

The Court finds that B&B has been diligent in attempting to effectuate personal service on Patterson. After JKG recanted its initial disclosure that Patterson could be contacted through JKG's counsel, and before JKG provided contact information for Patterson, B&B sought to serve Patterson

2

with a subpoena at her residence. *See ECF No. 60-1, Fish Decl. at ¶¶ 6, 9.* A process server made eleven attempts at service, including some in which occupants of the residence refused to open the door. *Id. ¶ 9.* Patterson also did not respond to multiple telephone calls and emails from B&B's counsel. *Id. ¶ 9.* B&B has shown that Patterson still resides at the address JKG provided, because Patterson's neighbor told a process server that the address was Patterson's residence, and she was at home. *Id. ¶ 9.* The Court finds that Patterson is attempting to evade service of a subpoena. The Court finds that FedEx delivery to Patterson at the address is likely to cause actual service and complies with due process. The Court grants B&B's request for permission to serve Patterson with a deposition subpoena by FedEx overnight delivery to her home address.

ACCORDINGLY,

IT IS ORDERED that:

1. Defendant Brown & Brown of Colorado, Inc's *Motion for Leave of Court to Serve a Deposition Subpoena on Third Party Witness Melissa Patterson by Alternative Means* (ECF No. 60) is GRANTED.

2. B&B shall serve Patterson, and attach a copy of this Order, via the alternative means of FedEx delivery to her home address.

3. B&B shall serve Patterson by **August 21, 2025**.

DATED August 7, 2025

                                                                  _____
                                                                  Hon. Maximiliano D. Couvillier III
                                                                  United States Magistrate Judge

# NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.