JASON R. MAIER, ESQ.
Nevada Bar No. 8557
JEAN PAUL HENDRICKS, ESQ.
Nevada Bar No. 10079
MARGARET E. SCHMIDT, ESQ.
Nevada Bar No. 12489
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: (702) 629-7900
Facsimile:  (702) 629-7925
E-mail:    jrm@mgalaw.com
           jph@mgalaw.com
           mes@mgalaw.com

*Attorneys for Plaintiff JKG Fitness, Inc., et al. dba Planet Fitness*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JKG FITNESS, INC., *et al.* dba Planet Fitness,<br><br>              Plaintiffs,<br><br>vs.<br><br>BROWN & BROWN OF COLORADO, INC., a Colorado Corporation; FITNESS INSURANCE, a division of BROWN & BROWN OF COLORADO INC., a Colorado Corporation DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive,<br><br>              Defendants. | Case No.:   2:23-cv-01800-JAD-MDC<br><br>**JOINT STIPULATION AND ORDER TO STAY DISCOVERY PENDING MEDIATION** |

Plaintiff JKG FITNESS, INC., *et al.* dba Planet Fitness ("JKG") and defendant BROWN & BROWN OF COLORADO, INC. ("B&B") (collectively, the "Parties"), by and through their respective counsel, hereby stipulate and respectfully request an Order from the Court staying discovery in this matter to accommodate the Parties' attempt to resolve this dispute through private mediation. In support of this request, the Parties state as follows:

1.  This case was initiated by JKG on October 6, 2023 and removed to this Court by B&B on November 3, 2023. ECF No. 1. B&B filed its answer to JKG's complaint on December 8, 2023.

1

1  ECF No. 9.

2      2.    The parties participated in a Rule 26(f) conference on December 22, 2023 and an initial
3  scheduling order was entered by the Court on January 22, 2024.  ECF No. 13.

4      3.    Since then, the Parties have actively engaged in the discovery process by exchanging
5  voluminous document productions, propounding and responding to written discovery requests, serving
6  expert witness disclosures, subpoenaing third party records, and conducting multiple depositions of
7  fact and Rule 30(b)(6) witnesses.

8      4.    The Parties have engaged in extensive meet-and-confer efforts regarding various
9  discovery matters in an attempt to resolve disputes without the need for Court intervention. These
10 efforts have resulted in seven prior stipulated extensions of the scheduling order deadlines, each agreed
11 to with the mutual objective of advancing the litigation and ensuring the completion of all necessary
12 discovery.

13     5.    The Court approved the Parties' most recent stipulation and extended the discovery
14 deadline to September 2, 2025 to accommodate the depositions of four remaining fact and expert
15 witnesses.  Three of these depositions have been scheduled and noticed as follows: former B&B
16 employee Carly Thorpe to proceed on August 7, 2025; B&B's expert Charles Reilly to proceed on
17 August 20, 2025; and JKG's expert Jeffrey Stempel to proceed on August 27, 2025.

18     6.    The deposition of former JKG employee Melissa Patterson has not yet been scheduled,
19 as she has evaded JKG's efforts to contact her and B&B's attempts to serve her with a deposition
20 subpoena. ECF No. 61 at 3.  On July 15, 2025, B&B filed a motion for leave to serve Ms. Patterson
21 with a deposition subpoena by alternative means ("Motion to Serve Ms. Patterson").  ECF No. 60.
22 JKG does not oppose B&B's motion, which remains pending before the Court.

23     7.    In a recent effort to resolve this case outside of Court, the Parties have agreed to
24 participate in private mediation. As of the date of this filing, the Parties have exchanged names of
25 retired judges from JAMS and Advanced Resolution Management, and are in the process of jointly
26 selecting a mediator from that list.

27

28

8. The Parties ask this Court to issue an order staying discovery in this case to allow sufficient time for the Parties to select an available mediator, prepare for mediation, and complete the same.

9. Staying discovery at this time will allow the Parties to focus their efforts on resolving this case at mediation, while avoiding potentially unnecessary fees and costs to complete their remaining discovery.

10. As such, the Parties agree that good cause exists to stay discovery in order to conserve the resources of the Parties and the Court, to promote judicial economy, and to increase the likelihood of a successful mediation.

11. The Parties have therefore agreed, subject to the Court's approval, to stay discovery pending completion of the private mediation process.

12. In the event the Parties are unable to reach a resolution, the Parties agree to file within fourteen (14) days after conclusion of the mediation a joint status report informing the Court of the same, requesting the discovery stay be lifted and proposing a schedule for the completion of discovery.

13. Should the mediation not be completed within ninety (90) days of the Court's entry of an order approving this stipulation, the Parties agree to submit a joint status report advising the Court of the mediation's status at the conclusion of that ninety-day period.

14. In the interim, the Parties also respectfully request that B&B's unopposed Motion to Serve Ms. Patterson should proceed to a decision by the Court irrespective of the Parties' present request to stay discovery so that Ms. Patterson's deposition can be promptly conducted if the parties are unable to resolve their dispute.

15. This stipulation is made in good faith and not for the purpose of delay or to prejudice any party, but to facilitate the Parties' efforts to resolve this matter through mediation in an efficient, fair, and cost-effective manner.

16. The Parties respectfully and mutually submit that the reasons set forth above constitute compelling reasons for their requested stay.

**WHEREFORE**, the Parties respectfully request that this Court approve the Parties' stipulation and enter an order as follows:

DM1\16931401.1

1. Discovery in this case is stayed pending the Parties' mediation.

2. If the case is not resolved at mediation, the Parties shall file a joint status report informing the Court of the same and request the discovery stay be lifted within fourteen (14) days after conclusion of the mediation.

3. If the mediation is not completed within ninety (90) days of the Court's entry of an order approving this stipulation, the Parties shall submit a mandatory joint status report advising the Court of the mediation's status at the conclusion of that ninety-day period.

DATED this 4th day of August 2025.                    DATED this 4th day of August 2025.

**MAIER GUTIERREZ & ASSOCIATES**                      **DUANE MORRIS LLP**

*/s/ Jean Paul Hendricks*                             */s/ Daniel B. Heidtke*
JASON R. MAIER, ESQ.                                  DANIEL B. HEIDTKE, ESQ.
Nevada Bar No. 8557                                   Nevada Bar No. 12975
JEAN PAUL HENDRICKS, ESQ.                             100 N. City Parkway, Suite 1560
Nevada Bar No. 10079                                  Las Vegas, Nevada 89106
MARGARET E. SCHMIDT, ESQ.                             *Attorneys for Defendant, Brown & Brown of*
Nevada Bar No. 12489                                  *Colorado, Inc.*
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff, JKG Fitness, Inc., et al. dba Planet Fitness*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 8-7-25

4

DM1\16931401.1