**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JKG Fitness, Inc.,

Plaintiff,

v.

Brown & Brown of Colorado, Inc., *et al.*,

Defendants.

Case No. 2:23-cv-01800-JAD-MDC

**ORDER ADOPTING REPORT AND RECOMMENDATION FINDING DEFENDANT IN CONTEMPT**

ECF Nos. 83, 86

**On July 2, 2026, the magistrate judge entered this order, report, and recommendation at ECF 86:**

Defendant Brown & Brown of Colorado, Inc. ("B&B") filed a *Memorandum* (ECF No. 83), following the 05/20/2026 Show Cause hearing (ECF No. 82). B&B requests that a bench warrant be issued against nonparty Melissa Patterson as contempt remedy in failing to abide by a subpoena and for failing to obey my Order to Show Cause (ECF No. 79). *ECF No. 82*.

I **RECOMMEND** that Ms. Patterson be held in civil contempt pending her compliance with a subpoena seeking to obtain her testimony, and that B&B's request for a contempt remedy in its *Memorandum* (ECF No. 83) be **GRANTED**. I carefully considered B&B's request and recognize that an arrest warrant for civil contempt is extraordinary, but I find that lesser sanctions, including daily fines, are neither reasonable nor effective to obtain Ms. Patterson's compliance with the subpoena. I find that Ms. Patterson was given notice and an opportunity to comply with the subpoena or to be heard at all relevant times. Ms. Patterson was also cautioned that her noncompliance would result in contempt. Ms. Patterson will not be prejudiced because she will have an opportunity to purge her contempt and avoid the custodial sanction by complying with the subpoena or appear in Court to object or be heard.

I also **ORDER** that the Clerk of Court is kindly **DIRECTED TO MAIL** a copy of this Report and Recommendation to Melissa Patterson at 5817 Wispy Winds Street, Las Vegas, NV 89148-4522 per ECF No. 81. I **FURTHER ORDER** that B&B shall also immediately serve in accordance with Fed. R. Civ. P. 4(e)(2), Melissa Patterson (1) a copy of this Report and Recommendation, and Order, and (2) a

new subpoena to take her deposition. B&B must file its notice of compliance regarding service by **July 16, 2026**. If Ms. Patterson complies or otherwise agrees to be deposed, counsel for B&B must immediately notify the Court by filing a notice on the docket.

## I. FINDINGS OF FACT

In this insurance dispute case, Ms. Patterson interacted with plaintiff and B&B regarding plaintiff's property insurance at issue in this case. *ECF No. 83* at 1. Plaintiff also identified Ms. Patterson as an individual "expected to have knowledge of the underlying facts and circumstances relevant to this case." *Id.* at 1-2. B&B thus sought to conduct Ms. Patterson's deposition. *See ECF No. 73*. Following a failed attempt to personally serve Ms. Patterson at her residence, the Court granted B&B's motion to serve her the deposition subpoena, which is an order, by mail to her home address. *ECF No. 63*. B&B served two deposition subpoenas by FedEx mail to Ms. Patterson's address, the latter of which directed her to appear at B&B counsel's office for a March 3, 2026 deposition ("March 3 Subpoena"). *ECF No. 73-2*. Ms. Patterson failed to appear for the March 3, 2026 deposition. *Id.*

I then issued an Order to Show Cause, directing parties and Ms. Patterson to appear for a hearing to schedule her deposition and for Ms. Patterson to show cause for why she should not be held in contempt. *ECF No. 79*. I also directed B&B to serve Ms. Patterson with my Order and B&B's Motion requesting for a show cause order. *Id.* B&B established that it served by Ms. Patterson a copy of my Order. A process server attempted personal service multiple times at Ms. Patterson's home address, and sent a copy of the Order and Motion via email and mail to her home address. *ECF Nos. 80*, *81*. Mr. Patterson, however, failed to appear, show cause, or otherwise respond. *See ECF No. 82.*

## II. MELISSA PATTERSON IS IN CONTEMPT OF THE COURT

### A. Legal Standard

Fed. R. Civ. P. 45 allows any party to serve a subpoena commanding a nonparty to "produce designated documents, electronically stored information, or tangible things in that person's possession,

custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). A person who fails to comply with a Rule 45 subpoena or related order "without adequate excuse" may be held in contempt. Fed. R. Civ. P. 45(g). Fed. R. Civ. P. 45 affords the respondent a full due process opportunity to contest the subpoena via objections and/or motions to quash. A finding of civil contempt is proper when a party disobeys a specific and definite court order by failing to take all reasonable steps within his or her power to comply. See *Go-Video, Inc. v. Motion Picture Ass'n of America*, 10 F.3d 693, 695 (9th Cir. 1993); see also *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984) ("A district court has the power to adjudge in civil contempt any person who [ ] disobeys a specific and definite order of the court.").

"[C]ontempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co*., 336 U.S. 187, 191 (1949). A district court has the inherent power to enforce its orders through civil contempt. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966). Civil contempt is coercive in nature; "[it] is designed to force the contemnor to comply with an order of the court." *Willy v. Coastal Corp*., 503 U.S. 131, 139, 112 S. Ct. 1076, 117 L. Ed. 2d 280 (1992); see also *Shell Offshore Inc. v. Greenpeace, Inc*., 815 F.3d 623, 629 (9th Cir. 2016) ("The purpose of civil contempt is coercive or compensatory, whereas the purpose of criminal contempt is punitive.").

I am issuing this Report and Recommendation because contempt is a sanction referred to the District Judges to ultimately adjudicate. 28 U.S.C. § 636 (requiring magistrate judges to refer contempt charges to a district judge); *see also Command Video Corp. v. LodgeNet Entertainment Corp*., 976 F. Supp. 917, 921 (N.D. Cal. 1997) (district judges adjudicate a party's contempt).

**B. Analysis**

Ms. Patterson did not comply with the subpoena to appear for her deposition or my orders to show cause. The March 3 Subpoena (*see* ECF No. 73-2) and my Order to Show Cause (ECF No. 79) were specific and definite; the Order specifically advised Ms. Patterson of (a) her failure to comply with

the subpoena and the Court's Orders, (b) the opportunity to appear and show cause why she should not be held in contempt of that order; and (c) a clear and specific hearing date. *See ECF No 79*. Ms. Patterson was properly served with the March 3 Subpoena and Order to Show Cause. *See ECF Nos. 63*, *73-2*, *80*, *81*. Thus, B&B provided Ms. Patterson with service that was reasonably calculated to make her aware that she was required to appear for her deposition, and later to the 05/20/2026 Show Cause hearing. Ms. Patterson did not comply with the subpoena or my Order to Show Cause and did not appear for her deposition or the 05/20/2026 Show Cause hearing. B&B, as the moving party, has therefore satisfied its burden of showing by clear and convincing evidence that Ms. Patterson has violated the specific and definite subpoena and my Order to Show Cause. See *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citing *Stone v. City and County of San Francisco*, 968 F.2d 850, 856 n. 9 (9th Cir.1992)).

Ms. Patterson did not comply and is in contempt of the March 3 Subpoena and Court's Order to Show Cause. She also has not demonstrated why she was unable to comply with the subpoena or the Court's Orders and has not shown cause why she should not be held in contempt. *See FTC v. Affordable Media*, 179 F.3d at 1239 (once the moving party establishes non-compliance, the burden shifts to the other party to demonstrate why he was unable to comply) B&B has demonstrated that Ms. Patterson's testimony is critical to defend its case.

B&B has requested that an arrest warrant be issued, not to punish Ms. Patterson, but to compel her compliance with the deposition and the court orders. Given the foregoing facts, I believe that Ms. Patterson will only ignore an imposition of fines if fines alone are imposed. An arrest warrant is therefore necessary to compel her compliance with the deposition subpoena or court appearance, and to uphold the integrity and authority of the judicial process.

Ms. Patterson's failure to comply with the judicial process and authority interferes with the orderly and timely administration of this case. As our courts previously noted: "Severe sanctions are

warranted when 'a [party's] noncompliance has caused the action to come to a halt, thereby allowing the [party], rather than the court, to control the pace of the docket.'" *Forsythe v. Brown*, 281 F.R.D. 577, 590-1 (D. Nev. 2012), citing *Allen v. Boyer Corp*. (*In Re: Phenylpropanolamine (PPA) Products Liability Litigation*), 460 F.3d 1217, 1234 (9th Cir. 2006). "The court's power of civil contempt includes the power to issue a bench warrant for a contemnor's arrest." *Sand Creek Partners, Ltd. v. Am. Fed. Sav. & Loan Ass'n of Colorado*, No. 2:14-CV-444-GMN-VCF, 2015 WL 10401403, at *2 (D. Nev. September 15, 2015), report and recommendation adopted sub nom. *Sand Creek Partners, Ltd v. Am. Fed. Sav. & Loan Ass'n of Colorado*, No. 2:14-CV-00444-GMN-VCF, 2016 WL 829974 (D. Nev. March 2, 2016) (citing *Perry v. O'Donnell*, 759 F.2d 702, 706 (9th Cir. 1985); *see also Invesco High Yield Fund v. Jecklin,* 10 F.4th 900, 903 (9th Cir. 2021) (affirming civil contempt order and arrest warrant for refusal to produce post-judgment discovery).

Ms. Patterson has now brought this case to a halt, which impediment I must deter and discourage in the future. I, therefore, recommend that an arrest warrant be issued to compel her testimony and compliance with my orders.

## III. CONCLUSION, RECOMMENDATION and ORDER

For the foregoing reasons, I **RECOMMEND** that:

1. Nonparty Melissa Patterson be held in **CONTEMPT** of the March 3 Subpoena (ECF No. 73-2) and Court's Order to Show Cause (ECF No. 79) and that Defendant Brown and Brown Colorado, Inc.'s request for a contempt remedy in its *Memorandum* (ECF No. 83) be **GRANTED**.
2. As of the date that the District Judge adopts this Report and Recommendation, if nonparty Melissa Patterson does not agree to her deposition or continues to not comply with the Order, and this is made known to the Court by defendant Brown and Brown Colorado, Inc.'s counsel, the Court will issue a bench warrant for Melissa

Patterson's arrest ordering that she be civilly incarcerated until she complies with the Court's Order.

For the foregoing reasons, I **ORDER** that:

1. The Clerk of Court is kindly **DIRECTED TO MAIL** a copy of this Report and Recommendation to Melissa Patterson at 5817 Wispy Winds Street, Las Vegas, NV 89148-4522 per ECF No. 81.
2. Defendant Brown and Brown Colorado, Inc.'s shall also **immediately** serve, in accordance with Fed. R. Civ. P. 4(e)(2), Melissa Patterson (1) a copy of this Report and Recommendation, and Order, and (2) a new subpoena to take her deposition. Defendant Brown and Brown Colorado, Inc. must file its notice of compliance regarding service by **July 16, 2026.** If Ms. Patterson complies or otherwise agrees to be deposed, counsel must **immediately** notify the Court by filing a notice on the docket. Counsel must work with Ms. Patterson to take her deposition if she agrees to comply prior to the District Judge's ruling on the Report and Recommendation.

Dated: July 2, 2026.

IT IS SO RECOMMENDED AND ORDERED.

Hon. Maximiliano D. Couvillier,
III United States Magistrate Judge

**ORDER ADOPTING RECOMMENDATION**

The deadline for anyone to object to this recommendation was July 16, 2026, and no objection was filed. Defendant Brown and Brown Colorado, Inc. has further advised the court that it reset nonparty Melissa Patterson's deposition for July 23, 2026, that she was provided notice by several means, and she did not appear for that deposition either. ECF No. 88. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find

good cause to adopt it, and I do. IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No. 86] is ADOPTED**; **Nonparty Melissa Patterson is held in CONTEMPT** of Court and will remain in contempt until she purges such contempt by submitting for and completing her deposition. So Defendant Brown and Brown Colorado, Inc.'s request for a bench warrant for the arrest of Melissa Patterson as a contempt remedy in its Memorandum **[ECF No. 83] is GRANTED** for the reasons stated in the R&R and because further efforts to gain her compliance and purge the contempt, as described in the supplemental declaration [ECF No. 88] were fruitless.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to ISSUE A BENCH WARRANT** directing the U.S. Marshals to **arrest and take Melissa Patterson into custody** wherever she may be found within the continental United States, as soon as possible, **and hold her in custody** near the Lloyd D. George U.S. Federal Courthouse in Las Vegas, Nevada, **until she submits for and completes her deposition**. Arrangements for that deposition can be made by calling Andrew Fish, Esq., at Duane Morris at 212-404-8761, or emailing him at alfish@duanemorris.com. The Clerk of Court is further directed to provide the U.S. Marshals with a copy of this order. The last known address for Melissa Patterson provided to the court is 5817 Wispy Winds St., Las Vegas, NV 89148.

U.S. District Judge Jennifer A. Dorsey
Dated: July 29, 2026